UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THE ESTATE OF
EDWARD DUPREE, JR,
    Plaintiff,

v

DAVID A TROTT,
  TROTT & TROTT, P.C.,
  DETROIT LEGAL NEWS COMPANY
    Defendants.

Civil Action # **00-70666**

**GEORGE E. WOODS**

Judge _____

MAGISTRATE JUDGE SCHEER

_____/

**Hugh R. Marshall (P48269)**
Attorney for Plaintiff
21448 Newcastle Rd.
Harper Woods, MI 48225
313-886-4078

_____/

**COMPLAINT AND
JURY DEMAND**

## COMPLAINT

NOW COMES the Plaintiff, The Estate of Edward Dupree, Jr., by and through its attorney, Hugh R. Marshall, who states as follows:

### Introduction

1. This is an action, by and through Clarence E. Dupree, the Personal Representative of the Estate of Edward Dupree, Jr, for damages brought by an individual consumer, for Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et seq., and the Michigan Collection Practices Act (State Act), MCLA 339.901 et seq., MSA 18.425(901), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## Jurisdiction and Parties

2.   Jurisdiction of this court arises under 15 USC 1692k(d) and 28 USC 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367.

3.   Plaintiff is a natural person residing in Wayne County, Michigan; for the purposes of this section, the term "consumer" includes an executor, or administrator.

4.   Defendant, Trott and Trott, P.C., is a corporation that is principally engaged in the business of collecting debts, with its principal place of business at 30150 Telegraph, Ste 100, Bingham Farms, MI, 48025, in the County of Oakland.

5.   Defendant, David A. Trott, is an attorney engaged in the practice of law in the State of Michigan.

6.   Defendant, David A. Trott, is the owner of Trott & Trott, P.C.

7.   Defendant, David A. Trott, has a minority ownership in the Detroit Legal News.

8.   Defendant, David A. Trott, sits on the board of directors of the Detroit Legal News, a Michigan closely held corporation.

9.   Defendant, Detroit Legal News, is a corporation that is engaged in the business of publishing lists of consumers who allegedly refuse to pay debts, with its principal place of business at 2001 W. Lafayette, Detroit, MI, 48216, in the County of Wayne.

10.   Defendant, Detroit Legal News, is a corporation engaged in the business of collecting debts.

## Factual Allegations

11.   On October 25, 1999, Edward Dupree, Jr., was declared a person in need of protection by the Honorable Martin T. Maher at an emergency session of the Probate Court for the County of Wayne.

12. Clarence Dupree was appointed Temporary Conservator at the emergency hearing and a Preliminary Protective Order was issued.

13. Edward Dupree, Jr. passed away on October 29, 1999.

14. Shirley A. Dupree passed away on September 22, 1999.

15. Edward Dupree, Jr. and Shirley A. Dupree, allegedly entered into a contract with a third party to install windows on their home at 1960 Kendall, Detroit, MI 48238.

16. Edward Dupree, Jr. and Shirley A. Dupree, allegedly placed a mortgage containing a power of sale clause with this third party to finance the cost of these windows.

17. Upon the death of Edward Dupree, Jr., Clarence Dupree opened a decedent's estate for Edward Dupree, Jr. in the Wayne County Probate Court and began to administer to the affairs of the estate.

18. This law office was retained to assist Clarence Dupree in opening this decedent's estate.

19. After the passing away of both his mother and father in a one month span, Clarence Dupree moved into the family home at 1960 Kendall.

20. Clarence assumed the financial responsibilities for the home and began making and assuming all the necessary financial payments and obligations.

21. On **December 2, 1999** Defendant Trott and Trott, P.C., sent a letter to Plaintiff demanding payment of a debt allegedly owing to Sterling Mortgage & Investment Company. A copy of this letter is attached as Exhibit 1.

22. Plaintiff immediately contacted the Defendant Trott and Trott, P.C., and informed Defendant that his mother and father had just passed away and that he had no knowledge of this debt.

23. Plaintiff did not dispute the existence of this debt but merely asked Defendant Trott and Trott, P.C., to provide documentation evidencing the debt including

such particulars as the amount, interest rate, terms and payment schedule of the debt.

24. After repeated requests to both the Defendant Trott and Trott, P.C., and to Sterling Mortgage such particulars were never provided.

25. Following receipt of Defendant Trott and Trott, P.C.'s, letter of **December 2, 1999**, Plaintiff's attorney notified Defendant Trott and Trott, P.C., that he represented Plaintiff and demanded that Defendant Trott and Trott, P.C., cease communication with Plaintiff.

26. Plaintiff's attorney notified Defendant Trott and Trott, P.C., on two separate occasions by telephone to Janice Recchia on **December 14, and 15, 1999** that he represented Plaintiff and demanded that Defendant Trott and Trott, P.C., cease communication with Plaintiff and requested that Defendant Trott and Trott, P.C., supply evidence of this debt.

27. On **December 22, 1999** Plaintiff's attorney received copies by facsimile of a note and mortgage from the Defendant Trott and Trott, P.C., allegedly in connection with the debt but the quality was so poor as to render it illegible.

28. Plaintiff's attorney contacted an employee of Trott and Trott, P.C., a Trisha, by voice mail on **December 28, 1999** asking to resend a clean copy of such documents.

29. On **December 31, 1999** Plaintiff's attorney sent a letter to Defendant Trott and Trott, P.C., to the attention of Ellen L. Coon, Esq, head of the Michigan Foreclosure Department stating that he represented the Estate of Edward Dupree, Jr. and requesting clean copies of such documents and also expressing concerns about the capacity of Edward Dupree, Jr. to enter into a contract. A copy of this letter is attached as Exhibit 2.

30. Plaintiff's December 31, 1999 letter disputed in writing the validity of the debt or some portion thereof.

31. Despite receiving this letter disputing the validity of the debt, Defendant Trott and Trott, P.C., failed to obtain verification of the debt and mail a copy of the verification to the Plaintiff or the Plaintiff's attorney.

32. On **January 4, 2000** Defendant Trott and Trott, P.C., sent Plaintiff a letter threatening immediate legal action if payment was not received. A copy of this letter is attached as Exhibit 3.

33. On **January 11, 2000** Defendant placed the real property located at 1960 Kendall into foreclosure by placing a notice of foreclosure in the Defendant Detroit Legal News with a sheriffs' sale scheduled for **February 9, 2000**. A copy of this notice is attached as Exhibit 4.

34. Defendant Trott and Trott, P.C., communicated with Plaintiff after being notified that he was represented by an attorney and placed this real property into foreclosure without providing evidence of the debt to the Plaintiff or Plaintiff's attorney.

35. Defendant Trott and Trott, P.C., also placed this property into foreclosure with full knowledge that the original debtors had passed away and that Clarence Dupree, son, was in mourning.

36. Defendant Trott and Trott, P.C.'s, act of placing this property into foreclosure was a willful misuse of the contractual power of sale contained in the alleged mortgage.

37. As a result of the acts alleged above, Plaintiff suffered actual damages, including humiliation, emotional distress, mental suffering, inconvenience and embarrassment.

### Count I

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39.    Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

 a.  Defendants' failure to cease collection of the debt and to properly and completely provide verification of the debt to Plaintiff or Plaintiff's attorney after notified in writing that Plaintiff disputed the validity of the debt violates 15 USC 1692g(b).

 b.  Defendants' false threat to initiate legal action violates 15 USC 1692e(5).

 c.  Defendants' communication with Plaintiff after being notified that Plaintiff was represented by an attorney violates 15 USC 1692c(a)(2).

 d.  Defendants' publishing a notice of foreclosure in the Detroit Legal News violates 15 USC 1692c(b) by communicating with third parties without the prior consent of the consumer.

 e.  Defendants' publishing a notice of foreclosure in the Detroit Legal News violates 15 USC 1692d(3) by publication of a list of consumers who allegedly refuse to pay debts.

40.    As a result of Defendants' violations of the FDCPA, Plaintiff suffered actual damages, including humiliation, emotional distress, mental suffering, inconvenience and embarrassment and is also entitled to an award of statutory damages, costs, and attorney fees.

## Count II

41.    Plaintiff incorporates by reference paragraphs 1 through 40.

42.    Defendants violated the State Act. Defendants' violations include, but are not limited to, the following:

 a.  Defendants' failure to cease collection of the debt and to properly and completely provide verification of the debt to Plaintiff or Plaintiff's

attorney after notified in writing that Plaintiff disputed the validity of the debt .

b.     Defendants' false threat to initiate legal action violates MCLA 339.915(e), MSA 18.425(915)[e].

c.     Defendants' communication with Plaintiff after being notified that Plaintiff was represented by an attorney violates MCLA 339.915(h), MSA 18.425(915)[h].

d.     By communicating with third parties without the prior consent of the consumer.

e.     By publication of a list of consumers who allegedly refuse to pay debts.

43.     As a result of Defendants' willful violations of the State Act, Plaintiff suffered actual damages, including humiliation, emotional distress, mental suffering, inconvenience and embarrassment, and is entitled to an award of treble damages, statutory damages, costs, and attorney fees.

**PLAINTIFF REQUESTS** that this court enter judgment against Defendants as follows:

a.     actual damages and statutory damages of $1,000 pursuant to the FDCPA

b.     treble damages or $150, whichever is greater, pursuant to the State Act

c.     costs and reasonable attorney fees pursuant to 15 USC 1692k and MCLA 339.916(2), MSA 18.425(916)[2]

**Law Office of Hugh R. Marshall**

by: _____

**Hugh R. Marshall (P48269)**
Attorney for Plaintiff
21448 Newcastle Rd.
Harper Woods, MI 48225
313-886-4078

Dated: February 7, 2000

## JURY DEMAND

**Plaintiff** demands a jury trial on all issues triable to a jury.

Dated: February 7, 2000

Law Office of Hugh R. Marshall

by:

**Hugh R. Marshall (P48269)**
Attorney for Plaintiff
21448 Newcastle Rd.
Harper Woods, MI 48225
313-886-4078

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED